UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ERIC DAVID HARP,

      Plaintiff,

          v.                           CAUSE NO. 1:24-CV-164-CCB-MGG

QUALITY CORRECTIONAL CARE,
LLC, et al.,

      Defendants.

OPINION AND ORDER

Eric David Harp, a prisoner without a lawyer, filed a complaint against Quality Correctional Care, LLC, and the Allen County Sheriff. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Harp alleges that he was housed at the Allen County Jail on November 17, 2023, when a physician at Fort Wayne Orthopedics prescribed him an oral steroid. The same physician recommended a follow up appointment in three weeks. Once he returned to the jail, a nurse told him that no steroids were prescribed. Furthermore, he was not

taken to a follow up appointment. Harp alleges that Quality Correctional Care, LLC, and the Allen County Sheriff were deliberately indifferent to his medical needs from November 17, 2023, until his transfer to a different facility on February 14, 2024.

There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. To be held liable, a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). There are no factual allegations in the complaint from which it can be plausibly inferred that the Sheriff of Allen County facilitated, approved, condoned, or turned a blind eye to Harp's medical needs. Therefore, Harp may not proceed against the Allen County Sheriff.

Harp also sues Quality Correctional Care, LLC, the private corporation that provided medical care at the Allen County Jail. A private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). injury." Harp has not pointed to any official policy or custom that caused him to receive inadequate care. Therefore, he may not proceed against Quality Correctional Care, LLC.

This complaint does not state a claim for which relief can be granted. If Harp believes he can state a claim based on (and consistent with) the events described in this

complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Eric David Harp until **August 12, 2024**, to file an amended complaint; and

(2) CAUTIONS Eric David Harp that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 11, 2024.

s/Cristal C. Brisco
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

3