UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ERIC DAVID HARP, | |
| Plaintiff, | |
| v. | Case No. 1:24-CV-164-CCB-SJF |
| QUALITY CORRECTIONAL CARE, LLC, | |
| Defendant. | |

## **OPINION AND ORDER**

Eric David Harp, a prisoner without a lawyer, filed an amended complaint. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Harp alleges essentially the same facts that were alleged in his earlier complaint. ECF 1; ECF 8. Harp alleges that he was housed at the Allen County Jail on November 17, 2023, when a physician at Fort Wayne Orthopedics prescribed him an oral steroid. The same physician recommended a follow up appointment in three weeks for further x-rays and treatment of his right hand.[1] Once he returned to the jail, the nursing supervisor told him that no steroids were prescribed. Furthermore, he was not taken to the recommended follow up appointment.

---

[1] Harp does not provide any details regarding the nature of the problem he was having with his right hand.

In his earlier complaint, Harp alleged that Quality Correctional Care, LLC ("QCC"), and the Allen County Sheriff were deliberately indifferent to his medical needs from November 17, 2023, until his transfer to a different facility on February 14, 2024. The court explained that Harp could not proceed against the Allen County Sheriff because it could not be plausibly inferred that the Sheriff of Allen County facilitated, approved, condoned, or turned a blind eye to Harp's medical needs. The court further explained that Harp could not proceed against QCC because he had not pointed to any official policy or custom that caused him to receive inadequate care.

In his amended complaint, Harp again names QCC as a defendant. Harp cannot proceed against QCC for the same reasons that were provided in this court's July 11, 2024, order. ECF 6.

While Harp lists only QCC as a defendant, he lists that defendant's "Job Title/Government Agency" as "Nurse Supervisor."[2] Thus, it appears that Harp may have intended to sue the Nurse Supervisor of Quality Correctional Care, LLC, instead of QCC. As a pretrial detainee, Harp is entitled to constitutionally adequate medical care under the Fourteenth Amendment, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to Harp's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 562, 572 (7th Cir. 2024). Whether a defendant provided reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant did a volitional act or made a deliberate choice not to act. *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 2024 WL 3422729, at *7 (emphasis omitted). Whether the defendant

---

[2] Harp was instructed to use this court's pro se prisoner complaint form, but he did not. *See* ECF 6 at 3.

2

actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "Reasonableness, in turn, must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020).

Here, Harp does not provide any information regarding his medical condition, other than it involved his right hand and required the care of an orthopedic doctor who prescribed steroids and wanted him to have a follow up appointment. It cannot be plausibly inferred that the care Harp received from the Nurse Supervisor was unreasonable without additional details. Therefore, even if Harp had named the Nurse Supervisor as a defendant, he could not be granted leave to proceed against them based on the allegations in the amended complaint.

This amended complaint does not state a claim for which relief can be granted. Nevertheless, Harp will be permitted one more opportunity to amend his complaint. If Harp believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library.[3] He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Eric David Harp until **October 14, 2024**, to file an amended complaint; and

---

[3] If Harp chooses to file an amended complaint, pursuant to N.D. Ind. L.R. 7-6, he must use this form.

3

(2) **CAUTIONS** Eric David Harp that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

September 11, 2024

                                                      */s/Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT