UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ERIC DAVID HARP, <br><br> Plaintiff, <br><br> v. <br><br> QUALITY CORRECTIONAL CARE, LLC, <br><br> Defendant. | CAUSE NO. 1:24-CV-164-CCB-SJF |

OPINION AND ORDER

Eric David Harp, a prisoner without a lawyer, filed a second amended complaint. ECF 13. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Harp alleges essentially the same facts that were alleged in his two earlier complaints, although he now includes additional details. ECF 1; ECF 8; ECF 13. Harp alleges that he was housed at the Allen County Jail and his right hand was swollen and painful. On November 17, 2023, he was taken to Fort Wayne Orthopedics and a physician indicated that he could not determine if there was a fracture until the

swelling decreased. That physician prescribed Hunt an oral steroid to reduce the swelling. The same physician recommended a follow up appointment in three weeks for further x-rays and treatment of his right hand. Once Hunt returned to the jail, the nursing supervisor told Hunt that no steroids were prescribed. Furthermore, he was not taken to the recommended follow up appointment. Hunt is suing the supervising nurse employed by Quality Correctional Care, LLC ("QCC").

The court previously explained (ECF 11) that, as a pretrial detainee, Harp is entitled to constitutionally adequate medical care under the Fourteenth Amendment, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to Harp's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 562, 572 (7th Cir. 2024). Whether a defendant provided reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant did a volitional act or made a deliberate choice not to act. *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 2024 WL 3422729, at *7 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "Reasonableness, in turn, must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020).

2

Here, it is unclear from the second amended complaint why the nurse did not provide Harp with the steroids that were prescribed for him by an outside physician. It is equally unclear why he was not taken to the follow up appointment. Further factual development may show that the supervising nurse failed to provide Harp with the steroid medication and follow up visit due to mere negligence. However, giving Harp the benefit of all plausible inferences, as the court must at this stage of the case, he has alleged sufficient facts to state a claim against the supervising nurse. Harp, however, has not provided the name of the supervising nurse, and this is necessary for the case to proceed.

For these reasons, the court:

(1) GRANTS Eric David Harp leave to proceed against the supervising nurse employed by Quality Correctional Care, LLC ("QCC") and working at the Allen County Jail who Harp spoke with about his medical care on or about November 17, 2023, in her individual capacity for monetary damages for providing constitutionally inadequate medical care for Harp's injured hand, in violation of the Fourteenth Amendment;

(2) DIRECTS the clerk to add QCC as a defendant only for the purpose of identifying the unknown supervising nurse;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) QCC with a copy of this order and the amended complaint (ECF 13);

(5) WAIVES QCC's obligation to file an answer to the complaint; and

(6) ORDERS QCC to appear and identify the unknown supervising nurse who told Eric David Harp that no steroid medication had been ordered following his November 17, 2023, visit with an orthopedic doctor by or before **December 9, 2024**, or show cause why it is unable to do so.

SO ORDERED on October 17, 2024

                                               s/ Cristal C. Brisco
                                               JUDGE
                                               UNITED STATES DISTRICT COURT