UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIC DAVID HARP,

Plaintiff,

v.                                              CAUSE NO. 1:24-CV-164-CCB-SJF

SUPERVISING NURSE,

Defendant.

## OPINION AND ORDER

Eric David Harp, a prisoner without a lawyer, is proceeding in this case against

Nurse Jordon Gregory in his individual capacity for monetary damages for providing

constitutionally inadequate medical care for Harp's injured hand at the Allen County

Jail, in violation of the Fourteenth Amendment. ECF 14 at 3; ECF 21 at 1. Specifically,

Harp alleged in his complaint that he was taken to Fort Wayne Orthopedics on

November 17, 2023, for his injured hand and prescribed an oral steroid and given a

follow-up appointment in three weeks, but Nurse Gregory did not provide him with his

prescribed steroids or take him to his scheduled follow-up appointment. ECF 14 at 1-3.

On October 3, 2025, Nurse Gregory filed a motion for summary judgment. ECF 37. With

the motion, Nurse Gregory provided Harp the notice required by N.D. Ind. L.R. 56-

1(a)(4). ECF 22. Attached to the notice was a copy of Federal Rule of Civil Procedure 56

and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion

must, within 28 days after the movant serves the motion, separately file (1) a response

brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over five months ago, but Harp has not filed any response. Therefore, the court will now rule on Nurse Gregory's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is whether the defendant "acted purposefully,

2

knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

Section 1983 requires a plaintiff to show more than just a violation of a constitutional right. To recover damages from a defendant, he must also prove that defendant was personally involved in the violation. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault."). A defendant cannot be liable without "a showing of direct responsibility for the improper action[.]" *Id.* This is because there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). As this circuit has explained:

> The doctrine of *respondeat superior* cannot be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and internal quotation marks omitted).

3

Nurse Gregory provides his own affidavit and Harp's medical records, which show the following facts:[1] Nurse Gregory was the supervising nurse at Allen County Jail at all relevant times, but never had any personal interactions with Harp and never provided him with any medical care. ECF 38-2 at 2. Harp was arrested and booked into the Allen County Jail on October 6, 2023. *Id.* at 2.; ECF 38-1 at 68-70. He was brought to the Allen County Jail from Lutheran Downtown Hospital, where he had complained he believed his hand was broken. *Id.* His intake health screening noted an x-ray to his hand and wrist was negative for injury and he had been cleared for jail. *Id.* The Lutheran Downtown Hospital's physician discharge statement stated "I have examined the patient and find him/her acceptable for admission to the Lock-Up facility. I have no specific suggestions regarding the care of this patient for the condition for which I have examined him/her." ECF 38-1 at 68; ECF 38-2 at 3. The Lutheran Downtown Hospital's physician did not prescribe any medications for Harp. ECF 38-1 at 68-70; ECF 38-2 at 3.

On October 10, 2023, Harp refused his withdrawal assessment, and did not mention any hand or wrist pain. ECF 38-1 at 94, 100; ECF 38-2 at 3. Over the next few weeks, Harp was seen regularly by mental health staff and his records do not indicate he ever complained of any hand or wrist pain. ECF 38-1 at 35-40, 65-67; ECF 38-2 at 3. On October 23, 2023, a physician evaluated Harp for complaints of a strained groin. ECF 38-1 at 75; ECF 38-2 at 3. During that evaluation, Harp mentioned he had pain in his

---

[1] Because Harp did not respond to Nurse Gregory's summary judgment motion, the court accepts Nurse Gregory's attestations and the contents of Harp's medical records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . .").

right hand from a prior motor vehicle accident. *Id.* Harp was scheduled for an appointment with Fort Wayne Orthopedics on November 14, 2023. ECF 38-1 at 79-80; ECF 38-2 at 3. Harp attended this appointment and was diagnosed with a "sprain of right wrist." ECF 38-1 at 79-80. Fort Wayne Orthopedics gave Harp verbal instructions for pain management and instructed him to take over-the-counter medications as needed for pain and to return on an as-needed basis. ECF 38-1 at 79-80.

Here, there is no evidence Nurse Gregory engaged in any objectively unreasonable conduct with regard to Harp's hand and wrist injury. First, there is no evidence the medical care Harp received for his hand and wrist at the Allen County Jail was objectively unreasonable. Rather, it is undisputed Harp was evaluated by a physician prior to his incarceration at the Allen County Jail and the physician noted an x-ray had found no injury to Harp's hand or wrist and cleared him for admission to the jail without any specific medical orders or recommendations. Harp was then sent to Fort Wayne Orthopedics after he complained of hand and wrist pain, and Fort Wayne Orthopedics diagnosed him with a sprained right wrist, provided him with verbal instructions for pain management, and instructed him to take over-the-counter medications and return as needed. The record does not contain any other evidence regarding Harp's hand or wrist injury. Based on this evidence, no reasonable jury could conclude the medical care Harp received for his hand and wrist at the Allen County Jail was objectively unreasonable.

Moreover, even assuming the medical care Harp received at the Allen County Jail *did* violate his Fourteenth Amendment rights, there is no evidence Nurse Gregory

5

was personally involved in that constitutional violation. Specifically, it is undisputed Nurse Gregory did not have any personal interactions with Harp or provide him any medical care. And the fact that Nurse Gregory was the supervising nurse at Allen County Jail is not a valid basis for liability, as there's no evidence Nurse Gregory was aware of any constitutional violation by one of his subordinates. *See Burks*, 555 F.3d at 596; *Chavez*, 251 F.3d at 651. Therefore, no reasonable jury could conclude Nurse Gregory was personally involved in any constitutional violation.

Accordingly, because no reasonable jury could conclude that (1) the medical care Harp received for his hand and wrist injury at the Allen County Jail was objectively unreasonable in violation of his Fourteenth Amendment rights, or (2) Nurse Gregory was personally involved in any constitutional violation, summary judgment is warranted in favor of Nurse Gregory.

For these reasons, the court:

(1) **GRANTS** Nurse Gregory's motion for summary judgment (ECF 37); and

(2) **DIRECTS** the clerk to enter judgment in favor of Nurse Gregory and against Eric David Harp and to close this case.

SO ORDERED on April 29, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT